UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN O.,

                              Plaintiff,

                 v.

MARTIN O'MALLEY,[1] Commissioner of
  Social Security,

                              Defendant.
_____

**DECISION
and
ORDER**

**21-CV-1028F**
(**consent**)

APPEARANCES:          LAW OFFICES OF KENNETH HILLER, PLLC
                      Attorneys for Plaintiff
                      KENNETH R HILLER, and
                      ELIZABETH ANN HAUNGS, of Counsel
                      6001 North Bailey Avenue
                      Suite 1A
                      Amherst, New York  14226

                      TRINI E. ROSS
                      UNITED STATES ATTORNEY
                      Attorney for Defendant
                      Federal Centre
                      138 Delaware Avenue
                      Buffalo, New York  14202
                              and
                      DANIELLA M. CALENZO
                      Special Assistant United States Attorney, of Counsel
                      Social Security Administration
                      Office of General Counsel
                      6401 Security Boulevard
                      Baltimore, Maryland  21235

## **JURISDICTION**

On November 16, 2023, the parties to this action consented pursuant to 28

U.S.C. § 636(c) to proceed before the undersigned in accordance with this court's June

---

[1] Martin O'Malley became the Acting Commissioner of the Social Security Administration on December 20, 2023, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

29, 2018 Standing Order (Dkt. 10).  The matter is presently before the court on motions

for judgment on the pleadings filed by Plaintiff on August 8, 2022 (Dkt. 7), and by

Defendant on January 5, 2023 (Dkt. 8).

## **BACKGROUND**

Plaintiff John O. ("Plaintiff"), brings this action under Title II of the Social Security

Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of

Social Security's final decision denying Plaintiff's application ("application") filed with the

Social Security Administration ("SSA") on July 30, 2019, for Social Security Disability

Insurance under Title II of the Act ("SSDI" or "disability benefits").  Plaintiff alleges he

became disabled on July 30, 2019, based on asthma, building disc at L4-L5, sciatica

nerve pain in his legs, post traumatic stress disorder ("PTSD"), stage 4 cirrhosis of the

liver, hepatitis, and traumatic head injury.  AR[2] at 15, 188-94, 201.  Plaintiff's application

initially was denied on October 24, 2019.  AR at 15, 84, and upon reconsideration on

January 24, 2020.  AR at 15, 99.

On February 5, 2020, Plaintiff timely filed a request for an administrative hearing,

AR at 114-15, and on November 16, 2020, the hearing was held via telephone

conference before Administrative Law Judge ("ALJ") William M. Weir ("the ALJ"),

located in Clarence, New York ("administrative hearing").  AR at 32-72.  Appearing at

the hearing in Buffalo, New York was Plaintiff, represented by legal counsel Alexander

Kyler, Esq.  Also appearing and testifying at the administrative hearing was an impartial

vocational expert Dawn Blythe ("the VE").

---

[2] References to "AR" are to the Bates-stamped pages of the Administrative Record electronically filed by
Defendant on March 11, 2022 (Dkt. 6).

On January 7, 2021, the ALJ issued a decision denying Plaintiff's claim, AR at 12-36 ("ALJ's Decision"), which Plaintiff timely appealed to the Appeals Council ("administrative appeal").  AR at 183-85, 269-70.  On August 17, 2021, the Appeals Council denied Plaintiff's request for review of the ALJ's Decision that Plaintiff was not disabled, AR at 1-6 ("Appeals Council's Decision"), thus rendering the ALJ's Decision the Commissioner's final decision.  On September 16, 2021, Plaintiff commenced the instant action seeking review of the ALJ's Decision denying Plaintiff disability benefits.

On August 8, 2022, Plaintiff moved for judgment on the pleadings (Dkt. 7 ("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 7-1) ("Plaintiff's Memorandum").  On January 5, 2023, Defendant moved for judgment on the pleadings (Dkt. 8) ("Defendant's Motion"), attaching the Commissioner's Brief in Support of Her Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief (Dkt. 8-1) ("Defendant's Memorandum").  Filed on February 15, 2023, was Plaintiff's Response to Commissioner's Brief in Support and in Further Support for Plaintiff's Motion for Judgment on the Pleadings.  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is GRANTED; Defendant's Motion is DENIED.

## **FACTS**[3]

Plaintiff John O. ("Plaintiff"), born on January 8, 1956, was 63 years old as of his alleged disability onset date DOD of July 30, 2019, and one day shy of 65 as of January

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

7, 2021, the date of the ALJ's Decision.  AR at 15, 31, 188.  Plaintiff attended regular classes in school and graduated high school in 1975, but has not completed any specialized job training, trade, or vocational school.  AR at 201.

 Plaintiff has no past relevant work ("PRW"), but reports last working in 2009 as a machine operator making plastic bags.  AR at 77.  Plaintiff previously filed an application for SSI alleging disability beginning December 19, 2009, which was granted on June 3, 2011.  AR at 15.  Thereafter, Plaintiff received SSI benefits until Plaintiff was incarcerated on a felony conviction and was confined to a correctional facility for more than 12 consecutive months, resulting in the termination of Plaintiff's eligibility for SSI benefits pursuant to the applicable regulations, 20 C.F.R. §§ 416.201, 416.211, 416.1325, and 404.468, and necessitating Plaintiff file a new claim for benefits upon his release.  AR at 15-16.

It is undisputed that Plaintiff suffers from several physical and mental impairments.  A CT scan of Plaintiff's pelvis taken on September 17, 2014 showed disc pathology and degenerative changes of Plaintiff's lumbar spine at multiple levels with central spinal stenosis at L4-L5.  AR at 275.

In connection with his disability benefits application, on September 23, 2019, Plaintiff underwent on a consultative basis an internal medicine examination by Hongbiao Liu, M.D. ("Dr. Liu"), AR at 375-78, and a psychiatric evaluation by Susan Santarpia, Ph.D. ("Dr. Santarpia").  *Id*. at 379-83.  The medical records in Plaintiff's administrative file were also reviewed by State agency physician J. Koenig, M.D. ("Dr. Koenig"), affirmed by V. Baronos, M.D. ("Dr. Baronos"), and by State agency review

psychologist M. Butler, Ph.D. ("Dr. Butler"), affirmed by L. Dekeon, Ph.D. ("Dr.

Dekeon").

Dr. Liu reported Plaintiff's diagnoses included a history of chronic pain and head

injury secondary to motor vehicle accident, high blood pressure, diabetes without

complications, asthma, alcohol abuse, cirrhosis of liver and multiple drug abuse.  AR at

378.  Upon physical examination of Plaintiff's musculoskeletal system, Dr. Liu noted

Plaintiff had decreased range of motion ("ROM") of his low lumbar spine, and had a

positive straight leg raising ("SLR") test in the low back and bilateral below the knee

areas at 35 degrees, confirmed by supine and sitting positions.  AR at 377.  Dr. Liu

opined that Plaintiff "has mild to moderate limitation for prolonged walking, bending,

kneeling, squatting, carrying heavy weights, and prolonged sitting, standing, and stair

climbing."  AR at 378.  On September 27, 2019, Dr. Koenig reviewed Plaintiff's

administrative file and concluded Plaintiff retains the residual functional capacity ("RFC")

for medium work based on finding that Plaintiff's activities of daily living ("ADLs") are

"intact," Plaintiff can ambulate effectively without an assistive device and does not

require treatment to manage his physical ailments.  AR at 80-83 ("Dr. Koenig's

opinion").  Dr. Koenig attributed Plaintiff's limitations to degenerative changes in the

lumbar spine with stenosis currently causing mild to moderate limitations.  *Id*.  On

January 8, 2020, Dr. Koenig's opinion was affirmed upon reconsideration by Dr.

Baronos.  AR at 93-97.

After psychiatrically evaluating Plaintiff, Dr. Santarpia diagnosed Plaintiff with

chronic adjustment disorder with mixed anxious and depressed mood, other specified

disruptive impulse control and conduct disorder, and sustained remission of alcohol,

5

cannabis, cocaine and heroine dependence/abuse.  AR at 382.  Dr. Santarpia also

noted Plaintiff reported diagnoses of high blood pressure, diabetes, asthma, and history

of head injury, *id*., and opined the "results of the present evaluation appear to be

consistent with psychiatric problems and until better stabilized may significantly interfere

with the claimant's ability to function on a daily basis."  *Id*.  Dr. Santarpia recommended

Plaintiff be referred for psychological and psychiatric treatment, and Plaintiff's prognosis

was guarded.  *Id*.  On October 16, 2019, Dr. Butler, reviewed Plaintiff's administrative

file and medical records and concluded Plaintiff's mental impairments are non-severe,

and cause no more than a mild limitation in Plaintiff's ability to understand, remember,

or apply information, AR at 77-78 (Dr. Butler's opinion"), and on January 9, 2020, Dr.

Dekeon affirmed Dr. Butler's opinion upon reconsideration.  AR at 90-92.


## DISCUSSION

**1.     Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability

benefits when she is unable "to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which . . . has lasted or can

be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§

416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's

determination that a claimant is not disabled if the factual findings are not supported by

substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g),

1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In

reviewing a final decision of the SSA, a district court "is limited to determining whether

the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id.* "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

In short, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*." *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 59 (2d Cir. 2013) (italics in original). "Under this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'" *Id.* at 58-59 (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original).

## 2. Disability Determination

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits.[5] *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.
[5] Plaintiff seeks disability benefits under only SSI.

regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's RFC which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. §§ 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any PRW.  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of performing PRW, disability benefits will be denied, *id*., but if the applicant is unable to perform PRW, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative

substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c).  The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).  All five steps need not be addressed because if the claimant fails to meet the criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if the claimant meets the criteria for the third or fourth step, the inquiry ceases with the claimant eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.

Further, it is the ALJ, and not a medical source, who is responsible for assessing a claimant's RFC.  20 C.F.R. §§ 404.1546(c), 404.1527(d)(2), 416.946(c), and 416.927(d)(2).  In formulating an RFC, "the ALJ is 'entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole.'" *Schillo v. Kijakazi*, 21 F.4th 64, 78 (2d Cir. 2022) (quoting *Matta v. Astrue*, 508 Fed.Appx. 53, 56 (2d Cir. 2013) (brackets in *Schillo*)).

**3.     Analysis of the ALJ's Decision**

In the instant case, the ALJ found that Plaintiff has not engaged in substantial gainful activity ("SGA") since July 30, 2019, the application date as well as Plaintiff's alleged DOD.  AR at 17-18.  The ALJ found Plaintiff suffers from the severe impairments of an adjustment disorder with mixed anxious and depressed mood, a conduct disorder, a substant use disorder in remission, and a right knee disorder, *id*. at 18, but that Plaintiff's asthma, hyperlipidemia, hypertension, diabetes, degenerative joint

disease of the shoulder, Hepatitis C, cirrhosis, back pain, brain injury with related memory disorder, status post gunshot wound decades earlier, and PTSD, are either not medically determinable or do not pose more than minimal limitations to Plaintiff's ability to engage in basic work activities and are thus not severe, *id*. at 18-19, and that none of Plaintiff's impairments, both severe and non-severe, either individually or in combination, meet or medically equal the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id*. at 19-22.  Despite his impairments, the ALJ found Plaintiff retains the RFC to perform medium work as defined in 20 C.F.R. § 416.967(c), "except that the claimant can lift or carry 50 lbs. occasionally and 25 lbs. frequently; the claimant can stand and/or walk or in combination for six hours of an eight hour day, and sit for six hours of an eight hour day; the claimant can frequently stoop, kneel and crouch but would have no limitation in his capacity to crawl or use ladders, ropes or scaffolds, ramps or stairs, or balance, with no further manipulative, visual, communicative or environmental limits; and the claimant can perform work with a specific vocational preparation ("SVP") of no more than 2, with no balancing of multiple goals or objectives simultaneously, and no setting of quality, quantity or methods standards."  *Id*. at 22, 23-29.  The ALJ further found Plaintiff has no PRW, *id*. at 29, but that based on Plaintiff's age of 63 as of his alleged DOD of July 30, 2019, which is defined as an individual closely approaching retirement, and given Plaintiff's RFC, high school education, with transferability of skills irrelevant to the disability determination, there are jobs existing in significant numbers in the national economy that Plaintiff is capable of performing including as a cook helper and automobile detailer.  *Id*. at 29-30.

Accordingly, the ALJ found Plaintiff was not disabled as defined in the Act since July 30, 2019 through the date of the ALJ's decision.  *Id*. at 30-31.

In support of his motion, Plaintiff argues the ALJ erred in failing to reconcile limitations found in the opinions of Dr. Liu and Dr. Santarpia, Plaintiff's Memorandum at 8-11, especially the mild to moderate limitations in interacting with others assessed by Dr. Santarpia, *id*. at 11-12, and the mild to moderate limitations included in Dr. Liu's opinion which the ALJ otherwise found "generally persuasive."  *Id*. at 12-14.  Plaintiff further argues the hearing transcript was insufficient because there are more than 30 portions designated as "inaudible."  *Id*. at 14-16.  Defendant argues the ALJ's opinion was based on a fully developed record supporting the ALJ's determinations that Plaintiff has the RFC for medium, unskilled, low stress work, Defendant's Memorandum at 4-6, including the mental RFC, *id*. at 7-18, and the physical RFC for medium work.  *Id*. at 18-24.  Defendant further argues the administrative hearing transcript is adequate for review and does not warrant remand.  *Id*. at 24-26.  In reply, Plaintiff repeats his argument that the RFC is not supported by substantial evidence because the ALJ failed to properly reconcile the limitations within the medical opinions in the record with the RFC, Plaintiff's Reply at 1-6, and more than 30 portions of the administrative hearing transcript are designated as "inaudible" warranting remand.  *Id*. at 6-7.  A careful review of the ALJ's Decision and the administrative record establishes Drs. Koenig and Baronos erred in opining Plaintiff could lift and carry weight consistent with medium work despite mild to moderate limitations, and the ALJ misapplied the relevant law in finding that Plaintiff is not disabled.

The court first considers the ALJ's determination that Plaintiff retains the RFC for "medium" rather than "light" work.  This determination is critical because had the ALJ found Plaintiff retains the RFC for light, rather than medium, work, application of the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 ("the Grids"), requires finding Plaintiff, based on his "closely approaching retirement age," high school education, and no previous work experience, is disabled.  *Compare* 20 C.F.R. Pt. 404 Subpt. P, App. 2, § 202.00, Table No. 2, Rule 202.06 (RFC for light work is disabled), *with* § 203.00, Table No. 3, Rule 203.06 (RFC for medium work is not disabled).

As defined by the relevant regulation,

Medium work. Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.

20 C.F.R. § 416.967(a).

In contrast,

[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, . . . .

20 C.F.R. § 416.967(b).

Significantly, the distinction between light and medium work is the lifting and carrying limits while the standing and walking requirements are the same for both light and medium work.  *See Harrington v. Colvin*, 2015 WL 79-756, at *14 n. 6 (W.D.N.Y. Feb. 25, 2015) ("Both light work and medium work require approximately six hours of standing and/or walking during an eight-hour workday." (citing 20 C.F.R. § 416.967(b)-(c); *Mancuso v. Astrue,* 361 F. App'x 176, 178 (2d Cir.2010) (light work); and *Tracy v. Astrue,* 2011 WL 3273146, *7 n. 7 (W.D.N.Y.2011) (medium work))).  Whether the ALJ's

determination that Plaintiff retains the RFC for medium work thus turns on whether Plaintiff can lift and carry 25 lbs. frequently and 50 lbs. on occasion.

Although Dr. Liu, Dr. Koenig, and Dr. Baronos each opined that Plaintiff has "mild to moderate" limitations attributed to Plaintiff's degenerative changes in his lumbar spine, the Second Circuit, has found "mild to moderate" limitations consistent with the ability to perform light work.  *See Tankisi v. Comm'r of Soc. Sec.*, 521 Fed. Appx. 29, 34 (2d Cir. 2013) (*affirming* 847 F. Supp.2d 513, 516 (W.D.N.Y. 2012) (district court's determination that the claimant's physical impairments of bulging discs, and annular tear in the lumbar spine and degenerative joint disease limited the claimant to light work)).  *See also Lewis v. Colvin*, 548 Fed.Appx. 670, 677 (2d Cir. 2013) (affirming the ALJ's determination that the claimant could perform "light work" was supported by examining physician's assessment of "mild limitations for prolonged sitting, standing, and walking," and direction that the claimant should avoid "heavy lifting, and carrying"); *Patrick John B. v. Comm'r of Soc. Sec.*, 2022 WL 7767643, at ** 3-4 (W.D.N.Y. Dec. 30, 2020) (construing moderate limitations as consistent with light work).  The cases on which Defendant relies for the proposition that the mild to moderate limitations found by Drs. Liu, Koenig, and Baronos, Defendant's Memorandum at 19, are inapposite.  At issue in *Cook v. Comm'r of Soc. Sec.*, 818 Fed.Appx. 108, 109 (2d Cir. 2020) ("*Cook*"), was whether the claimant had the RFC for sedentary, not light or medium work, and thus is not applicable to the instant case.  In *Cain S. v. Comm'r of Soc. Sec.*, 2022 WL 17252414 (W.D.N.Y. Nov. 28, 2022) ("*Cain S.*"), the ALJ, in finding the claimant could perform medium work, relied on an opinion by the consultative examining physician that the claimant had mild to moderate limitations for prolonged walking, bending, and

kneeling, but does not include limitations as to standing, sitting, or lifting.  Accordingly, neither *Cook* nor *Cain S*. supports Defendant's argument.

Here, a plain reading of the administrative record reveals it is devoid of any assessment as to how much weight Plaintiff can lift and carry supporting the determination by Dr. Koenig and Dr. Baronos that Plaintiff retains the physical ability to lift weights consistent with work of medium physical exertion, a determination that is unlikely given the medical evidence in the record regarding the severity of Plaintiff's back impairment, as well as Plaintiff's history of degenerative joint disease of his left shoulder, and right knee arthritis and pain.  Nor are such impairments consistent with the ALJ's determination that Plaintiff is unlimited with regard the postural abilities to crawl, or use ladders, ropers or scaffolds, ramps or stairs or balance.

In particular, a CT scan of Plaintiff's pelvis taken September 17, 2014, shows degenerative changes of the lumbar spine at multiple levels and central spinal stenosis at L4-L5, AR at 275 ("September 17, 2014 CT scan").  Upon examining Plaintiff on September 23, 2019, Plaintiff could not walk on his heels and could walk on his toes with moderate difficulty because of low back pain, and could squat only to 30%.  AR at 376.  Plaintiff also had diminished range of motion in his lumbar spine, and straight leg raising test was positive in the low back and bilaterally below the knees in both supine and sitting positions.  AR at 377.  Based on these examination findings, Dr. Liu opined that Plaintiff "has *mild to moderate limitation* for prolonged walking, bending, kneeling, squatting, carrying heavy weights, and prolonged sitting, standing, and stair climbing." AR at 378 (italics added).  Dr. Koenig acknowledged Plaintiff's medical records including Plaintiff's September 17, 2014 CT scan, as well as that low back pain

prevented Plaintiff from walking on his heels, AR at 81, Plaintiff had limited ROM in his lumbar spine with positive SLR, *id.*, and that degenerative changes in Plaintiff's lumbar spine with stenosis caused "mild to moderate limitations."  AR at 81.  Dr. Koenig's findings were affirmed by Dr. Baronos who repeated the findings.  AR at 95.  In records from ECMC, where Plaintiff received treatment on several occasions between December 18, 2019 and August 26, 2020, Plaintiff was routinely reported as having "severe" low back pain and right knee pain, that caused him to walk with a limp, Plaintiff's active problems included "acute lumbar radiculopathy," and neck, left shoulder, and right knee pain, examination showed Plaintiff with abnormal gait and station, Plaintiff was tender to palpation over his neck, lower back, and right knee, Plaintiff was and diagnosed with, *inter alia*, severe, unchanging chronic back pain and right knee pain.  *See AR* at 450-54, 456-59, 460-67, 469-71, 473-74, 480.  Significantly, the ALJ acknowledges all these records, yet did not consider Plaintiff's back impairment to be severe.

The ALJ also acknowledged Plaintiff's medical records from his recent incarceration show that during such incarceration, Plaintiff was under medical restrictions precluding Plaintiff from, *inter alia*, strenuous exercise, competitive sports, attending a Fitness/Wellness program, lifting greater than 10 lbs., working with machinery, and attending programs in a classroom setting.  AR at 28 (citing AR at 328-34).  The ALJ found such records not probative to the period under consideration because they "were proffered for another program well before the instant application date. . . ," and not consistent with other evidence in the record.  *Id*. at 28.  Although determinations of disability by other agencies are not binding for purposes of Social

Security, they are nevertheless "entitled to 'some weight and should be considered.'"
*Lohnas v. Astrue*, 510 Fed.Appx. 13, 14-15 (2d Cir. 2013) (quoting *Cutler v. Weinberger*, 516 F.2d 1282, 1286 (2d Cir. 1975)). The ALJ's finding that the records were "proffered . . . well before the instant application date" is incorrect; the records cover the period September 22, 2014 until July 17, 2019, the latter date being less than two weeks before the instant action was commenced. According to the records, from September 22, 2014 until April 3, 2018, Plaintiff was continually restricted to lifting no more than 10 lbs. and was not to participate in strenuous exercise or competitive sports. AR at 330-334. As of the date of Plaintiff's release from incarceration, his recreation was restricted to walking in the yard, and Plaintiff remained off the Wellness Program and was "medically unassigned" to any programs. AR at 329. Not only is the 10-lb. lifting restriction the only quantification in the record of Plaintiff's ability to lift, but these restrictions are consistent with Dr. Liu's opinion that Plaintiff is mildly to moderately limited with regard to prolonged walking, standing, bending, kneeling, squatting, carrying heavy weights, prolonged sitting, and stair climbing, AR at 378, as well as Plaintiff's September 17, 2014 CT scan showing Plaintiff with "[d]isc pathology and degenerative changes with probable stenosis at the L4-L5 level," AR at 275, rather than the assessments of Drs. Koenig and Baronos that Plaintiff retains the ability to lift and carry up to 50 lbs.

The ALJ also relied on Plaintiff's activities of daily living as indicative of Plaintiff's ability to perform medium work. AR at 23. The activities of daily living reported by Plaintiff include preparing simple meals daily, doing household chores with the exception of outdoor work, using public transportation, going outdoors alone, shopping

in stores, managing his personal accounts, watching television, and socializing with others daily on the telephone, AR at 23 (citing AR at 219-31), walking, riding a bicycle, and engaging in artistic endeavors including wood carving.  AR at 26 (citing AR at 548, 557, 573, 593).  None of these activities, however, establish Plaintiff has the ability to lift and carry up to 50 lbs. as required for work at the physical exertional level of medium.  *See Danny B. v. Kijakazi*, 2022 WL 354549, at * 3 (D.Conn. Feb. 7, 2022) (finding none of the plaintiff's activities of daily living, including driving, occasionally helping with yard work, carrying light groceries into the house, visiting with girlfriend and cousins, watching movies and television, and reading the paper "speak to any functional limitations caused by Plaintiff's spinal impairments, much less demonstrate his capacity to perform the lifting requirements of medium work.").

The ALJ is permitted to rely on the opinion of a consultative examiner provided the opinion is supported by and consistent with other evidence in the record.  *See Camille v. Colvin*, 652 Fed.Appx. 25, 28 (2d Cir. 2016) (consultative physician's report may constitute substantial evidence).  Further, "[i]t is well-established that '[a] well-supported opinion from a consultative examining physician, a non-examining state agency doctor, and/or a medical expert may . . . provide substantial evidence supporting an ALJ's decision.'"  *Hairston v. Comm'r of Soc. Sec.*, 2020 WL 516897, at *4 (W.D.N.Y. Jan. 29, 2020) (quoting *Cassandra K. v. Comm'r of Soc. Sec.*, 2019 WL 1115673, at *6 (N.D.N.Y. Mar. 11, 2019))), *aff'd sub nom. Hairston-Scott v. Comm'r of Soc. Sec.*, 2021 WL 3777581 (2d Cir. Aug. 26, 2021).  In the instant case, however, for the reasons discussed above, the findings of Drs. Koenig and Baronos that Plaintiff has mild to moderate limitations to, *inter alia*, prolonged walking, stand, and carrying heavy weights

that allow Plaintiff to perform work at a physical exertional level of medium are not supported by the substantial evidence in the record.  *See Latricia S. v. Kijakazi*, 2021 WL 5832762, at * 2 (W.D.N.Y. Dec. 9, 2021) (remanding for further proceedings where "[t]he record simply does not contain any objective evidence assessing plaintiff's ability to lift and carry objects weighing up to 50 lbs., and the fact that some assessment noted 'full' strength or range of motion does not comprise substantial evidence that the plaintiff was able to perform the exertional requirements of medium work.").  Accordingly, the ALJ's determination that Plaintiff, despite the mild to moderate limitations found by Drs. Liu, Koenig, and Baronos, could lift and carry weights up to 50 lbs., walk, stand, crawl, climb ladders, ropes, scaffolds, ramps and stairs, as necessary for work of medium exertion was legal error.

In light of the dearth of evidence supporting the ALJ's determination the Plaintiff retains the RFC to perform the physical requirements for medium work, the ALJ's RFC finding is not supported by the record; rather, the administrative record supports that Plaintiff has, at most, the RFC for light work such that Plaintiff is, according to the relevant Grids, disabled.  Under 42 U.S.C. § 405(g), the district court has the power to affirm, modify, or reverse the ALJ's decision with or without remanding for a rehearing. The standard for directing a remand for calculation of benefits is met when the record persuasively demonstrates the claimant's disability, *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980), and where there is no reason to conclude that the additional evidence might support the Commissioner's claim that the claimant is not disabled.  *Butts v. Barnhart*, 388 F.3d 377, 385-86 (2d Cir. 2004).  Here, reversal for calculation of benefits is particularly appropriate because Plaintiff's benefits claim has been pending for almost

five years, and additional administrative proceedings would only lead to further delay.

*See*, *e.g.*, *Carroll v. Sec'y of Health and Humans Services*, 705 F.2d 638, 644 (2d Cir.

1983) (reversal without remand for additional evidence particularly appropriate where

payment of benefits already delayed for four years and remand would likely result in

further lengthening the "painfully slow process" of determining disability).  Accordingly,

the ALJ's Decision is not supported by substantial evidence in the record and Plaintiff's

Motion should be GRANTED and Defendant's Motion should be DENIED.[6]


## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 7) is GRANTED; Defendant's

Motion (Dkt. 8) is DENIED.  The matter is REMANDED for calculation of benefits.  The

Clerk of Court is directed to CLOSE the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:        February 27, 2024
                 Buffalo, New York

---

[6] Because the undersigned is remanding the matter for calculation of benefits based on the ALJ's legal error in determining Plaintiff retains the physical RFC for work of medium physical exertion which, according to the Grids, dictates finding Plaintiff disabled, Plaintiff's remaining arguments pertaining to his mental impairment and the sufficiency of the transcript of the administrative hearing are not considered.